| | |
|---|---|
| 1 | SEDGWICK LLP<br>BRIAN D. HARRISON Bar No. 157123 |
| 2 | brian.harrison@sedgwicklaw.com<br>DAVID M. RHODES Bar No. 214493 |
| 3 | david.rhodes@sedgwicklaw.com<br>333 Bush Street, 30th Floor |
| 4 | San Francisco, CA 94104-2834<br>Tel.: 415.781.7900 |
| 5 | Fax. 877.547.2780 |
| 6 | Attorneys for Plaintiff and Counter-Defendant<br>PHILADELPHIA INDEMNITY |
| 7 | INSURANCE COMPANY |
| 8 | ORRICK HERRINGTON & SUTCLIFFE LLP<br>BARRY S. LEVIN Bar No. 88727 |
| 9 | blevin@orrick.com |
| 10 | JASON M. WU Bar No. 279118<br>jmwu@orrick.com |
| 11 | 405 Howard Street<br>San Francisco, CA 94105-2669 |
| 12 | Tel: 415.773.5700<br>Fax: 415.773.5759 |
| 13 | |
| 14 | Attorneys for Defendant and Counterclaimant<br>IEC CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>IEC CORPORATION, a Delaware corporation<br><br>            Defendant. | CASE NO. 8:16-CV-295-DOC (AJW)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Andrew J. Wistrich |

1    Case No.  8:16-cv-295-DOC (AJWX)
STIPULATED PROTECTIVE ORDER

IEC CORPORATION, a Delaware corporation,

          Counterclaimant,

    v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation

          Counter-Defendant.

**PURSUANT TO THE PARTIES' FEBRUARY 27, 2017 STIPULATION, IT IS ORDERED THAT:**

## A. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. The Local Rules (including Local Rule 79−5.1), this Court's orders (including section VII of the Initial Standing Order Following Assignment of Civil Case to Judge Carter, ECF #8), and applicable law set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## B. DEFINITIONS

"**Challenging Party**" - a Party or Non-Party that challenges the designation of information or items under this Order.

"**Confidential**" - any information that a Designating Party in good faith believes constitutes or reveals proprietary and/or confidential business information or

information that is private and personal in nature, the public disclosure of which could cause material harm. Confidential information might include, but is not limited to: trade secrets; research, development, or commercial information of the Designating Party or of the Designating Party's clients, customers, affiliates, agents or independent contractors; non-public financial information; non-public information related to the organization, structure, operations, or performance of a Designating Party; non-public lists showing clients, customers, affiliates, agents, or independent contractors of a Party; other non-public information, including that which is related to clients, customers, affiliates, agents, or independent contractors, that the Designating Party reasonably believes might expose the Designating Party to claims or liability if such non-public information is publically disclosed.

"**Counsel" (without qualifier)** - Outside Counsel of Record and In-House Counsel (as well as their support staff).

"**Document**" - all objects from which information may be derived including, but not limited to, writings, letters, notes, memoranda, correspondence, investigation files, reports, emails, messages, records, logs, invoices, bills, statements, contracts, agreements, leases, opinions, drawings, plans, graphs, charts, photographs, images, audio files or recordings. "Document" also includes electronically maintained information, including, but not limited to, electronic or computerized forms of any document, data and databases, electronic mail and spreadsheets.

"**Designating Party**" - a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

"**Disclosure or Discovery Material**" - all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

"**Expert**" - a person who: (1) is not a current officer, director, or employee of a Party or of a competitor of a Party or anticipated to become one; (2) has specialized knowledge or experience in a matter pertinent to the litigation; and (3) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

"**Final Disposition**" - shall be deemed to be the later of: (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

"**Highly Confidential – Attorneys' Eyes Only**" - any information that a Designating Party in good faith believes constitutes or reveals extremely sensitive Confidential information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

"**In-House Counsel**" - attorneys who are employees of a Party to this action or a parent, subsidiary or affiliate of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

"**Non-Party**" - any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

"**Outside Counsel of Record**" - attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

"**Party**" - any party to this action (and its parents, subsidiaries and affiliates) including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

"**Producing Party**" - a Party or Non-Party that produces Disclosure or Discovery Material in this action.

"**Professional Vendors**" - persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

"**Protected Material**" - any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

"**Receiving Party**" - a Party that receives Disclosure or Discovery Material from a Producing Party.

## C. SCOPE

(1) The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

(2) The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(3) Any use of Protected Material at trial shall be governed by a separate agreement or order.

## D. DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### E. DESIGNATING PROTECTED MATERIAL

(1) Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):

(i) The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to, at least, the first or cover page of the document.

(ii) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend or the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend as described above.

(b) For testimony given in deposition or in other pretrial or trial proceedings:

(i) The Designating Party shall identify each portion of testimony that is entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protection under this Order either: (1) on the record, before the close of the deposition, hearing, or other proceeding; or (2) in a written notice to all other Parties given within 30 days after the close of the deposition, hearing, or other proceeding. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding, or up to 30 days afterwards, that the entire transcript is entitled to protection. Transcripts shall, unless otherwise agreed, be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in their entirety until the 31st day after the close of the deposition, hearing, or other proceeding.  After the expiration of that period, transcripts shall be treated only as actually designated.

(ii) To the extent practicable Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

(iii) The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(iv) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The parties shall cooperate in informing the court reporter(s) of these requirements.

(c) For information produced in some form other than documentary and for any other tangible items:

The Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(2) Inadvertent Failures to Designate.

An inadvertent failure to designate qualified information or items as protected does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material unless the correction is both (1) substantially prejudicial to the Receiving Party and (2) unreasonable in light of the sensitivity of the information or items not designated, the delay in making the correction, and the volume, nature and complexity of the information or items involved.  The Receiving Party may dispute the corrected designation pursuant to the provisions of this Order for challenging designations.  Upon receiving a correction and until any dispute concerning the correction is resolved, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the corrected designation.

## F. CHALLENGING DESIGNATIONS

(1) Timing of Challenges.

Any Party or Non-Party may challenge a designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(2) Meet and Confer.

(a) The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.

(b) The parties shall attempt to resolve each challenge in good faith. The parties must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material in light of such explanation, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(3) Judicial Intervention.

(a) If the Parties cannot resolve a challenge without Court intervention: (i) the Challenging Party may file and serve a motion to remove or change confidentiality; or (ii) the Designating Party may file a motion to retain a confidentiality designation (this

includes a motion to retain the designation of a deposition transcript or any portions thereof).

(b) Each motion, whether by the Challenging Party or the Designating Party, must comply with the Local Rules and must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this Order.

(c) The burden of persuasion in each motion, whether by the Challenging Party or the Designating Party, shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

(d) All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation (including any correction thereof) until the court rules on the motion.

### **G. ACCESS TO AND USE OF PROTECTED MATERIAL**

(1) Basic Principles.

(a) A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section M below (FINAL DISPOSITION).

(b) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c) Protected Material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies and reproductions shall be subject to the terms of this Order. If the duplicating process by which copies and reproductions of Protected Materials are made

does not preserve the confidentiality designation legends that appear on the original documents, all such copies and reproductions shall be stamped or labeled appropriately in accordance with the terms of this Order.

(d) Any work product or other materials generated in preparation for this Action by experts or other consultants retained for purposes of this Action that contain or reference information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the following text clearly displayed: "CONTAINS CONFIDENTIAL INFORMATION PROTECTED BY COURT ORDER FROM UNAUTHORIZED USE" or "CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION PROTECTED BY COURT ORDER FROM UNAUTHORIZED USE" as applicable. For documents that contain or reference Protected Materials, including but not limited to memoranda, drafts and other materials, the text shall also be placed prominently on the first page of such document. For file folders, such as red-welds or binders, that hold papers containing or referencing Protected Materials, the text shall be affixed on the outside of such file. For electronic files, the text shall be affixed to the labels for any discs containing or referencing Protected Materials.

(e) Notwithstanding the foregoing, nothing in this Order shall limit a Party's use or disclosure of its own information.

(f) No information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall lose such status under this Order as the result of the use of such document or information in any hearing, trial, or other Court proceeding in this Action, provided that such use is consistent with the terms of this Order. In the event that any Party wishes to use such information in a Court proceeding in this action, then counsel for the Parties shall consult with each other to work out any objections to the use of such information and to propose such amendments to this Order as the Parties agree are necessary, to determine whether and how such information can be used while still protecting its confidentiality.

(g) This Order is without prejudice to the right of any Party hereto to: (i) object to any discovery request; (ii) apply to the Court for any further order relating to any confidential information; or (iii) apply to the Court for an order permitting disclosure of Protected Materials or Information other than as provided herein.

(h) The provisions of this Order may also be modified on a Party's or the Court's own motion.

(2) Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(c) Former employees of a Party (and their parents, subsidiaries, affiliates, and agents), who are actively working with a Party's counsel in connection with this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(e) The Court and its personnel.

(f) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(g) Any witnesses or deponents or potential witnesses or deponents (other than the officers, directors, and employees (including In-House Counsel) of the Receiving Party) if disclosure of particular Confidential Information is, in counsel's good faith judgment, necessary to a Party's prosecution or defense of the case, provided that such persons are advised of the confidential nature of the materials involved and they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) Mediators engaged by the Parties to assist in this Action provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(j) Insurers, reinsurers, and retrocessionaries.

(k) Other persons upon order of this Court or upon stipulation of the Designating Party.

(3) Disclosure of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c) The Court and its personnel.

(d) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(e) Any witnesses or deponents or potential witnesses or deponents, including any authors and recipients of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, if disclosure of this information is, in counsel's good faith judgment, necessary to a Party's prosecution or defense of the case, provided that such persons are advised of the confidential nature of the materials involved and they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) Mediators engaged by the Parties to assist in this Action provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h) Other persons upon order of this Court or upon stipulation of the Designating Party.

**H. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

(1) If a Party or Non-Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" that Party or Non-Party must:

    (a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(2) If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party or Non-Party has obtained the Designating Party's permission.

(3) The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## I. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION[1]

---

[1] The purpose of this provision is to alert the interested persons to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

(1) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(2) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party.

(3) If the Non-Party fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of its seeking protection in this Court of its confidential information.

(4) The Party that received the discovery request may seek a protective order prohibiting, limiting, or conditioning production of the Non-Party's confidential information, but it is not required to do so.

### J. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### K. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL OR INFORMATION

(1) Inadvertent production of materials or information that are or may be subject attorney client privilege, work product protection, or other protection shall not constitute waiver of any applicable privilege or other protection regardless of the steps or care taken to prevent disclosure of such materials or information.

(2) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material or information is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(3) This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### L. MISCELLANEOUS

(1) Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(2) Right to Assert Other Objections.

By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(3) Filing Protected Material.

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

Protected Material may only be filed under seal pursuant to a Court order. A Party that seeks to file any Protected Material under seal must comply with the Local Rules (including Local Rule 79−5.1) , Court orders (including section VII of the Initial Standing Order Following Assignment of Civil Case to Judge Carter, ECF #8), and applicable law.

If a Party's request to file Protected Material under seal is denied by the Court, then that Party may file the information in the public record, unless otherwise instructed by the Court.

## M. FINAL DISPOSITION

(1) Within 60 days after the Final Disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

(2) Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

(3) Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section D (DURATION).

DATED: March 1, 2017      _____
HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Philadelphia Indemnity Insurance Company v. IEC Corporation*, Case No. 8:16-cv-295-DOC (AJW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____